Jose ORTIZ, Plaintiff–Appellant,

v.

D. MCBRIDE, Sgt. & R.O. Mara, Counselor of Arthur Kill Correctional Facility, Defendants–Appellees.

Docket No. 02–0088.

United States Court of Appeals, Second Circuit.

Submitted: March 5, 2003.

Decided: March 21, 2003.

Jose Ortiz, Malone, NY, pro se.

Marion R. Buchbinder, Martin Hotvet, Thomas B. Litsky, Assistant Solicitors General, for Eliot Spitzer, Attorney General of the State of New York, New York, NY, for Defendants–Appellees.

Before: CALABRESI and SACK, Circuit Judges, and PAULEY,* District Judge.

PER CURIAM.

Jose Ortiz appeals the dismissal of claims that he brings pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. This appeal raises a number of issues as to the exhaustion requirements of the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104–134, Title VIII, 110 Stat. 1321–66 (1996), as well as significant questions on the merits of Ortiz's claims. We order that counsel be appointed, that additional briefing and oral argument be scheduled, and that this panel retain jurisdiction over the appeal.

## BACKGROUND

In July 1999, Jose Ortiz, an inmate in the custody of the State of New York, filed *pro se* a complaint in the United States District Court for the Eastern District of New York. Ortiz sought, pursuant to 42 U.S.C. § 1983, monetary damages against defendants D. McBride, a corrections officer at the Arthur Kill Correctional Facility ("Arthur Kill"), and R.O. Mara, a counselor at Arthur Kill, for alleged violations of his Eighth Amendment right against cruel and unusual punishment and of his Fourteenth Amendment right to due process. Counsel was appointed and Ortiz subsequently filed an amended complaint.

We set forth the facts as alleged in Ortiz's complaint. In September 1998, McBride, purportedly on the word of a confidential informant, accused Ortiz of selling drugs in Arthur Kill. McBride then ordered Ortiz to take a total of four urine tests, none of which showed any traces of drugs. Despite these results, McBride instituted misbehavior charges against Ortiz for drug possession and drug smuggling. In an October 1998 hearing, over which Mara presided, Ortiz was found guilty of the drug violations. The only evidence presented at the hearing was McBride's testimony about his alleged conversation with the informant, whose identity re-

---

* The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

mained confidential. No physical evidence or other witnesses were presented. Ortiz was sentenced to 90 days segregation in the Special Housing Unit (SHU), as well as loss of packages, commissary, phone and recreation privileges for that time.

After spending 57 days in SHU at Arthur Kill, Ortiz was transferred to another correctional facility, where he served the duration of the 90–day SHU term. The complaint further alleged that while confined in SHU at Arthur Kill, Ortiz was subjected to conditions and humiliations beyond those experienced by other SHU inmates. Specifically, Ortiz alleged that for three weeks he was confined twenty-four hours a day, without the daily hour of recreation generally accorded SHU inmates, that he was denied a shower for weeks at a time, that he was denied his deodorant, toothpaste and personal items, that his clothes were maliciously drenched in baby oil by corrections officers, and that he was not fed until hours after other inmates had eaten and was given no eating utensils, thereby forcing him to eat with his hands, which he was prevented from washing. Finally, Ortiz claimed that after he had served the ninety days in SHU, the Commissioner of Correctional Services, without explanation, reversed Ortiz's conviction of the prison drug charge.

The defendants moved to dismiss, pursuant to Rule 12(b), both Ortiz's original and his amended complaints. *See* Fed. R.Civ.P. 12(b). While conceding that Ortiz had not been permitted to review statements or reports provided by the confidential informant prior to the hearing, the defendants argued that Ortiz's complaint did not allege a violation of a constitutionally protected liberty interest, since a 90–day term in SHU did not constitute an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484,

115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The defendants also maintained that Ortiz's Eighth Amendment claim must fail because (1) Ortiz alleged no personal involvement on the part of the defendants, but based his claims against the defendants solely on the fact that both were supervisory officials, and (2) Ortiz had not administratively exhausted that claim, as required by the PLRA, 42 U.S.C. § 1997e(a). The defendants further argued that because the complaint contained an unexhausted claim (the allegation of Eighth Amendment violations), it should be dismissed in its entirety, despite the presence of an exhausted claim (the allegation of Fourteenth Amendment violations).

In his memorandum of law in opposition to the motion to dismiss, Ortiz argued that because the conditions of his confinement in SHU were much worse than ordinary SHU conditions, his confinement in SHU was an "atypical and significant hardship" that triggered the protections of the Fourteenth Amendment. He also suggested that it was premature for the court to determine whether or not the defendants were aware of the conditions of SHU and therefore were subject to supervisory liability for the Eighth Amendment violations. Finally, Ortiz argued that the defendants had not proven that Ortiz had failed to exhaust his administrative remedies for his Eighth Amendment claim. Additional light was cast on the question of whether Ortiz had exhausted his Eighth Amendment claim when, in a hearing on the defendants' motion to dismiss, Ortiz represented that he had made oral complaints and had submitted several written grievances to prison guards, but had never received an official response. Moreover, Ortiz's attorney stated that the guards had threatened to assault Ortiz if he continued to complain about his conditions.

At the close of the hearing, the district court (Weinstein, *J.*) granted the defendants' motion to dismiss. It ruled from the bench as follows:

This constitutes my opinion in the case: The Court is compelled to dismiss the case. The main problem that the court saw in the papers was the problem of lack of a test of the veracity of the informer who apparently provided the basis for the complaint by the sergeant. However, there is no point in pursuing that matter since the administrative proceedings within the prison resulted in dismissal of the complaint. So that the plaintiff has obtained all that could be obtained on that issue.

With respect to the conditions within the cramped cell, the Court is compelled under the decisions of the Court of Appeals for the Second Circuit to dismiss those complaints. The Court of Appeals for the Second Circuit requires a very high standard of abuse. It has to be atypical and significant hardship under *Colon* [*v. Howard*], 215 F.3d [227] (2d Cir.2000), and other opinions of the Second Circuit.

Moreover, it is very clear that the Second Circuit in general requires special incarceration of more than 101 days. That is *Colon*, 215 F.3d at 232 . . . .

The showering and other personal issues, in connection with other circumstances, may constitute an abusive situation. However, in view of the release from these circumstances within the prison within the 90 days, and dismissal on the main issue, under the cases the Court believes it has no alternative but to dismiss.

The Court of appeals in *Neal* [*v.*] *Goord*, 267 F.3d 116 [2d Cir.2001], required dismissal for failure to exhaust administrative remedies. In this case the exhaustion with respect to the main issue resulted in a favorable decision for the plaintiff. The oral testimony as well as other information before this Court does not make clear any exhaustion with respect to these other issues.

Judgment was entered against Ortiz on March 19, 2002.

## DISCUSSION

■ This court construes appellate briefs submitted by *pro se* litigants liberally and reads such submissions to raise the strongest arguments they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). The rule favoring liberal construction of *pro se* submissions is especially applicable to civil rights claims. *Cf. Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir.2001).

■ Ortiz appeals *pro se* from the district court's dismissal of his appeal, arguing mainly that the district court erred in dismissing his claims based on a failure to exhaust. This court has noted that under the administrative scheme applicable to New York prisoners, resolution of an inmate's grievances through informal channels can satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). *See Marvin v. Goord*, 255 F.3d 40, 43 n. 3 (2d Cir.2001) (per curiam) (citing 7 N.Y.C.R.R. § 701.1). More recently, we have ordered that counsel be appointed in four pending cases that address whether inmates who did not fully comply with the dictates of New York law nonetheless exhausted their claims in other ways. *Abney v. New York Dep't of Corr. Servs.*, No. 02–0241 (2d Cir. Feb. 13, 2003) (order granting motion to appoint counsel); *Johnson v. Reno*, No. 02–0145 (2d Cir. Feb. 13, 2003) (same); *Hemphill v. New York*, No. 02–0164 (2d Cir. Oct. 18, 2002) (same); *Giano v. Goord*, No. 02–0105 (2d Cir. Aug. 22, 2002) (same). While Ortiz's attempts to exhaust his Eighth Amendment claim may be more limited

than those at issue in these cases, Ortiz has contended that he filed written grievances without receiving a response and that he was deterred from further pursuing administrative remedies by the guards' threat of assault. And that is enough to raise the issue currently being considered by us in the four just mentioned cases.

In addition to the question of whether Ortiz administratively exhausted his Eighth Amendment claim for purposes of the PLRA, this case raises the question of whether the PLRA requires that a prisoner exhaust *every* claim raised in order to be able to proceed on any one claim. In other words, if Ortiz has not administratively exhausted his Eighth Amendment claim, does the PLRA bar consideration of his Fourteenth Amendment due process claim, a claim which all agree was administratively exhausted? District courts in this circuit are currently split on the question of whether the PLRA requires such "total exhaustion." *Compare, e.g., Law v. Bergamini*, No. 01–CV–463, 2003 WL 133272 (N.D.N.Y. Jan.14, 2003) (dismissing without prejudice complaint that asserted exhausted and unexhausted claims), *Vidal v. Gorr*, No. 02 Civ. 5554, 2003 WL 43354 (S.D.N.Y. Jan.6, 2003) (same), *and Saunders v. Goord*, No. 98 Civ. 8501, 2002 WL 1751341 (S.D.N.Y. July 29, 2002) (same), *with Espinal v. Coughlin*, 98 Civ. 2579, 2002 WL 10450 (S.D.N.Y. Jan.3, 2002) (dismissing unexhausted claims while ruling on the merits of exhausted claims). Our order appointing counsel in *Johnson v. Reno*, No. 02–0145 (2d Cir. Feb. 13, 2003), directed counsel to consider whether the PLRA included a "total exhaustion" requirement.

■ While we cannot consider Ortiz's Fourteenth Amendment claim until our jurisdiction to hear it is established, we note—without expressing any ultimate opinion on its merits—that this claim is by no means frivolous. Ortiz alleges that he was subjected to unusually harsh conditions during his SHU confinement at Arthur Kill. Given this assertion, the fact that Ortiz's confinement was for a period of less than 101 days need not, under our cases, entail that the district court had "no alternative but to dismiss." In *Sealey v. Giltner*, 197 F.3d 578 (2d Cir.1999), we held that the plaintiff had not met his burden of showing that his 101–day confinement in SHU met the *Sandin* standard of atypicality. *Id.* at 589. But both *Sealey* and the case cited by the district court, *Colon v. Howard*, 215 F.3d 227 (2d Cir.2000), make clear that duration is not the only relevant factor. The conditions of confinement are a distinct and equally important consideration in determining whether a confinement in SHU rises to the level of "atypical and severe hardship" as required by *Sandin*. *Sealey*, 197 F.3d at 586 ("Both the conditions and their duration must be considered, since especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical." (citation omitted)); *Colon*, 215 F.3d at 230 (emphasizing that, in that case, "[t]he conditions were the normal conditions of SHU confinement in New York").[1]

1. It is also not obvious that *Sealey* established a *per se* rule that an SHU confinement under normal conditions and of a duration of 101 days or less necessarily involves no protected liberty interest. *Sealey* noted that the record in that case was "less than adequate," 197 F.3d at 586, and arguably left open the possibility that a more complete record as to the "conditions of administrative confinement at other New York prisons, as well as the frequency and duration of confinements imposing significant hardships" might show that a 101–day confinement in SHU does implicate a constitutionally protected liberty interest, *id.* at 589.

Given the complexity of these and other issues in this case, we believe it appropriate to appoint counsel to represent Ortiz in this appeal, if he so chooses. We therefore ORDER that, if he so wishes, Ortiz be appointed counsel to represent him in this appeal. In addition to any other arguments counsel may choose to raise, the following issues should be addressed: (1) whether Ortiz's proffered evidence that he administratively exhausted his Eighth Amendment claim satisfies the requirements of § 1997e(a); (2) whether § 1997e(a) requires "total exhaustion" and, if so, whether Ortiz may now withdraw any unexhausted claims; (3) whether Ortiz's factual allegations that the conditions of his confinement in SHU were unusually harsh sufficed to raise the question of whether that confinement implicated a constitutionally protected liberty interest so as to preclude 12(b) dismissal; (4) whether Ortiz's complaint adequately pled, or could be amended adequately to plead, that the defendants are subject to supervisory liability, under the test described in *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994), for the alleged Eighth Amendment violations. Counsel may, of course, seek to join any of the above-cited pending cases that concern the exhaustion requirements of the PLRA. Should counsel elect to do so, this panel should be informed.

The Clerk of the Court is further ORDERED, after the appointment of counsel, to schedule additional briefing and, as appropriate, oral argument. This panel retains jurisdiction over this appeal.