**Luis ROSALES, Plaintiff,**

v.

**F.G. BENNETT, et al., Defendants.**

No. 01–CV–6158L.

United States District Court,
W.D. New York.

Jan. 22, 2004.

Luis Rosales, pro se, Auburn, NY, for Plaintiff.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

## INTRODUCTION

LARIMER, District Judge.

Plaintiff, Luis Rosales, appearing *pro se*, filed the complaint in this action under 42 U.S.C. § 1983 on March 27, 2001. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in connection with an administrative segregation hearing ("hearing") in May 1998, and his subsequent 196–day confinement in the Special Housing Unit ("SHU") at Elmira Correctional Facility ("Elmira").

After defendants moved for summary judgment, this Court, on September 2, 2003, issued a Decision and Order directing the parties to file further submissions addressing the issue of whether plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The parties having done so, the following constitutes the Court's ruling on defendants' summary judgment motion.

## DISCUSSION

### I. Exhaustion of Remedies

The PRLA provides at 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement applies "to all prisoners seeking redress for prison circumstances or occurrences," regardless of whether the plaintiff's claim is based on an isolated incident or on prison conditions in general. *Porter v. Nussle*, 534 U.S. 516, 520, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

In New York State, administrative remedies for grievances consist of a three-step review process. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence . . . ." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review. The IGRC's decision can be appealed to the superintendent of the facility, and the superintendent's decision can be appealed to the Central Office Review Committee ("CORC"), which makes the final adminis-

trative determination. *See* 7 N.Y.C.R.R. § 701.7. At each step, there are time limits within which the grievance or appeal must be decided, and "matters not decided within the time limits [prescribed by the regulations] may be appealed to the next step." 7 N.Y.C.R.R. § 701.8. Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Santos v. Hauck,* 242 F.Supp.2d 257 (W.D.N.Y.2003).

▮ Where an inmate's federal claims arise directly out of a disciplinary or administrative segregation hearing, on the other hand (*e.g.,* a claim of denial of procedural due process), "he exhausts his administrative remedies by presenting his objections in the administrative appeals process, not by filing a separate grievance instead of or in addition to his ordinary appeal." *Flanagan v. Maly,* 99 Civ. 12336, 2002 WL 122921 at *2 (S.D.N.Y. Jan.29, 2002). At the same time, however, a plaintiff cannot satisfy the PLRA's exhaustion requirement as to grievable matters that do not directly relate to the *conduct* of a hearing simply by alluding to them in his administrative appeal of the hearing decision. For example, if at the hearing the inmate asserts, or attempts to assert, allegations of misconduct by the correction officers involved in the underlying events, the inmate cannot adequately exhaust his remedies for PLRA purposes through his administrative appeal of the hearing decision; he must separately grieve the alleged misconduct of the officers. *See Scott v. Gardner,* 287 F.Supp.2d 477, 489 (S.D.N.Y.2003) ("Although completion of the disciplinary appeal process may satisfy the exhaustion requirement with respect to Scott's claims that he was denied due process in the disciplinary proceedings, allegations of staff misconduct related to the incidents giving rise to the discipline must be grieved"); *McCoy v. Goord,* 255 F.Supp.2d 233, 246 (S.D.N.Y.2003) ("Appeal of a disciplinary hearing decision brought against the inmate does not accomplish exhaustion, even if the federal complaint and the disciplinary action share the same operative facts"); *Labounty v. Johnson,* 253 F.Supp.2d 496, 501 (W.D.N.Y.2003) ("An appeal from a disciplinary hearing does not satisfy the grievance exhaustion requirement for an Eighth Amendment claim, even if the hearing is based on the same set of facts underlying the grievance").

In the case at bar, defendants apparently concede that plaintiff has exhausted his remedies as to his claims relating to the conduct of the hearing, and the evidence submitted by plaintiff in response to the Court's September 2 Decision and Order also indicates that he did appeal from that decision, and that the appeal was denied. *See* Plaintiff's Ex. B (Attachment to Docket # 34).

In his administrative appeal, plaintiff raised three claims: that the hearing officer, defendant Crowley, violated plaintiff's constitutional right to call witnesses on his behalf; that Crowley improperly refused to allow plaintiff to present certain evidence; and that there was insufficient evidence to support Crowley's findings. *Id.*

In his complaint in this case, plaintiff asserts three causes of action: that defendants placed him in administrative segregation to retaliate against plaintiff for having exercised his constitutional rights; that defendants denied plaintiff's right to procedural due process in connection with the hearing; and that defendant Bennett, the Superintendent of the facility where plaintiff was housed at the time, failed to protect plaintiff from retaliatory conduct. Complaint ¶¶ 23–28.

The second cause of action in plaintiff's complaint here largely tracks the matters raised in his administrative appeal from

the hearing decision [1], and arises directly out of the conduct of the hearing itself. Accordingly, plaintiff has sufficiently exhausted his remedies as to the second cause of action. *See Farid v. Ellen,* No. 01 CIV. 8292 (PKC), 2003 WL 23018805, at *2–3 (S.D.N.Y. Dec.23, 2003).

■ There is no evidence that plaintiff grieved the matters giving rise to his first and third causes of action, however. Although plaintiff attempts to show that during his period of administrative segregation, defendants and other DOCS staff prevented him from fully or effectively utilizing the grievance process, the evidence that he has submitted in that regard relates to matters completely distinct and separate from the claims raised in his first and third causes of action here. *See* Plaintiff's Ex. C. Plaintiff has not submitted evidence, nor does he even allege, that he filed, attempted to file, or even prepared a grievance concerning the retaliation and failure to protect that he asserts in the case at bar.[2] As to his first and third causes of action, then, plaintiff has failed to exhaust his claims.

The Second Circuit has yet to rule on whether the PLRA imposes a "total exhaustion" requirement, although it has appointed counsel to address the issue. *See Ortiz v. McBride,* 323 F.3d 191, 195 (2d Cir.2003). The district courts within this circuit are split on whether "mixed" cases containing both exhausted and unexhausted claims should be dismissed in their entirety, or whether only the unexhausted claims should be dismissed, allowing the exhausted claims to go forward. *Id.*

In the situation presented here, I find that the wiser course would be to dismiss only plaintiff's first and third causes of action, which have not been exhausted. Plaintiff's second cause of action, alleging due process violations in connection with the hearing, is factually distinct from his other two claims, which relate to retaliation, and the failure to protect him from that retaliation, that allegedly occurred prior to, and separate from, the hearing. There is little reason to dismiss plaintiff's (exhausted) due process claim simply because he failed to exhaust the two other discrete and indirectly related claims. *See Muhammad v. Pico,* No. 02 CIV.1052 AJP, 2003 WL 21792158, at *10 (S.D.N.Y. Aug. 5, 2003) (addressing merits of exhausted due process claim while dismissing freedom-to-exercise and conspiracy claims; "it is significant that the free exercise and the conspiracy claims are easily separated from the due process claim since they involve discrete events and can be analyzed independently"); *see also Nelson v. Rodas,* No. 01 CIV. 7887RCCAJP, 2002 WL 31075804 at *5–6 (S.D.N.Y. Sept.17, 2002) (taking same approach).

I also note that defendants assert that plaintiff's second cause of action attempts to assert two grounds for his procedural due process claim that plaintiff did not raise in his administrative appeal: lack of adequate employee assistance and bias on Crowley's part. I agree that the ineffective assistance claim was not raised in

---

1. The second cause of action also asserts two other grounds for plaintiff's due process claim-lack of adequate assistance to prepare for the hearing and bias on the part of the hearing officer-that defendants contend were not presented in plaintiff's administrative appeal. Those claims are discussed below.

2. I also note that, although some of the evidence submitted by plaintiff consists of correspondence from plaintiff to DOCS officials complaining about his grievances being returned to him unfiled, or not being responded to, the sheer volume of that correspondence and related grievances and documents indicates that plaintiff was not intimidated from at least *attempting* to file grievances.

plaintiff's administrative appeal, and he is therefore barred from raising it in this action. *See Khalid v. Reda*, No. 00 Civ. 7691(LAK)(GWG), 2003 WL 42145, at *5 (S.D.N.Y. Jan.23, 2003) (finding nonexhaustion "[b]ecause [plaintiff] failed to raise the issue he raises here on his administrative appeal").

The factual basis for the claim of bias was presented in plaintiff's appeal, however, *see* Plaintiff's Ex. A, Administrative Appeal at 5, 9 (alleging that "Crowley did not believe Augustine [the officer who filed the report against plaintiff] was capable of fabricating the report" and that plaintiff "was also denied his right to a fair and impartial fact finder"). Accordingly, the Court can reach the merits of plaintiff's bias claim.

## II. Due Process Claim

### A. General Principles

■ A prisoner placed in administrative confinement receives "fewer procedural protections" than those in disciplinary confinement. *Matiyn v. Henderson*, 841 F.2d 31, 34 (2d Cir.), *cert. denied*, 487 U.S. 1220, 108 S.Ct. 2876, 101 L.Ed.2d 911 (1988). He is, however, entitled to "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *see also Matiyn*, 841 F.2d at 36. The prisoner must be afforded an opportunity to be heard "at a meaningful time and in a meaningful manner," *Lowrance v. Achtyl*, 20 F.3d 529, 536 (2d Cir.1994) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)), so that he may "avoid an improvident or wrongful administrative confinement." *Lowrance*, 20 F.3d at 536

(quoting *Gittens v. LeFevre*, 891 F.2d 38, 41 (2d Cir.1989)). "[I]f the restraint is for 'administrative' purposes," then, "the minimal procedures outlined in *Hewitt* are all that is required." *Benjamin v. Fraser*, 264 F.3d 175, 190 (2d Cir.2001).

### B. Plaintiff's Due Process Claim

After reviewing the record, I find that, even viewing the evidence in the light most favorable to plaintiff, the non-moving party, no issues of material fact exist, and that defendants are entitled to judgment as a matter of law on plaintiff's claim that he was denied procedural due process. Plaintiff's second cause of action must therefore be dismissed.

Plaintiff first alleges that he was denied the right to call certain witnesses at the hearing. Although inmates do have some right to call witnesses, that right has its limits. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Ponte v. Real*, 471 U.S. 491, 496, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985).

■ The hearing transcript reflects that although two requested inmate witnesses did not testify in person at the hearing, apparently because they were in protective custody, they were asked certain questions that plaintiff had prepared for them, their answers were audiotaped, and the tapes were played at the hearing. Crowley Aff. (Docket # 23), Ex. C.[3] In addition, at plaintiff's request, defendant Sgt. Christofaro was called as a witness, and plaintiff was allowed to have certain questions asked of

---

**3.** Unfortunately, the transcript is not paginat-    ed.

Christofaro. *Id.* Other requested witnesses were denied on the ground that their anticipated testimony would have been irrelevant. *Id.* I find that in this respect, Crowley did not abuse his discretion, and that plaintiff was afforded all the process that was due him under the standards established by the Supreme Court and the Second Circuit. *Real,* 471 U.S. at 496, 105 S.Ct. 2192; *Russell v. Selsky,* 35 F.3d 55, 58–59 (2d Cir.1994); *Scott v. Kelly,* 962 F.2d 145, 147 (2d Cir.1992) (reviewing court must defer to hearing officer absent abuse of discretion); *see also Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 (2d Cir.1991) ("The Supreme Court also has suggested that a prisoner's request for a witness can be denied on the basis of irrelevance or lack of necessity") (citing *Real,* 471 U.S. at 496, 105 S.Ct. 2192).

Plaintiff also asserts that he was denied the right to present certain evidence. This claim is apparently based on plaintiff's allegation that he was not provided with certain documents that he had requested in advance of the hearing.

As with the right to call witnesses, "the prisoner's right to ... present evidence ... could be denied if granting the request would be 'unduly hazardous to institutional safety or correctional goals.'" *Real,* 471 U.S. at 495, 105 S.Ct. 2192 (quoting *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). The record here shows that plaintiff submitted a five-page request for documents and witnesses,

and that many of those requests were granted. *See* Crowley Aff. Ex. A. In addition, with respect to the requests that were denied, Crowley did not simply deny them out of hand, without explanation, but stated his reasons for doing so, including "confidential," "none [existed]," and "not applicable." Again, I find no abuse of discretion or denial of due process in this regard. *Cf. Real,* 471 U.S. at 497, 105 S.Ct. 2192 ("prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify, ... by making the explanation a part of the 'administrative record' in the disciplinary proceeding").

Plaintiff's final basis for his due process claim is that Crowley was biased against him and prejudged his guilt, and that Crowley knowingly relied upon false information in reaching his conclusions.[4] These allegations merit little discussion.

Plaintiff alleges that Crowley stated, in effect, that he could not believe that Augustine was capable of fabricating charges against plaintiff. The actual colloquy, however, was that plaintiff *asked* Crowley if he believed that Augustine could do so, and Crowley responded, "I'm not going, I'm not ever going to answer that," and "I would say that would not be a professional thing to do." Crowley Aff. Ex. C. That does not evince any bias or prejudgment on Crowley's part. In addition, plaintiff's assertions that Crowley relied on evidence that he knew to be untrue are wholly

---

**4.** In his memorandum of law, plaintiff also asserts that Crowley's findings after the conclusion of the hearing were so lacking in evidentiary support as to constitute a violation of plaintiff's due process rights. Although plaintiff did raise this issue on his administrative appeal, it is not squarely presented in the complaint. At any rate, having reviewed the hearing transcript and other evi-

dence in the record, I find that Crowley's findings easily meet the due process requirement that those findings merely be supported by "some evidence." *See Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Gaston v. Coughlin,* 249 F.3d 156, 163 (2d Cir.2001); *Kalwasinski v. Morse,* 201 F.3d 103, 108 (2d Cir.1999).

conclusory and without support in the record.

Finally, I note that plaintiff has requested discovery of a host of materials. Plaintiff's request is denied. Most of the items he lists are not identified with any particularity, *e.g.,* "evidence that defendants knew all along plaintiff was not the perpetrator," Plaintiff's Memorandum of Law[5], and he has failed to show that such evidence even exists, *e.g.,* "evidence that Augustine could have easily manipulated the C[onfidential] I[nformant]," or that there is any relevant evidence not already within his possession. *See Samuels v. LeFevre,* 885 F.Supp. 32, 38 (N.D.N.Y.) ("Because we grant defendants' motion for summary judgment, additional discovery in this action is unnecessary. Therefore, Samuels' motion to compel [defendant] to answer interrogatories is DENIED"), *aff'd,* 89 F.3d 826, 1995 WL 722877 (2d Cir.1995) (table).

## CONCLUSION

Defendants' motion for summary judgment (Docket # 20) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

---

**5.** Plaintiff's memorandum is not paginated, but this statement is contained on the penultimate page.