Hassan Zakari FAGGE, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–4611–ag.

United States Court of Appeals, Second Circuit.

April 10, 2007.

Regis Fernandez, Newark, NJ, for Petitioner.

Steven M. Biskupic, United States Attorney; Lisa T. Warwick, Assistant United States Attorney, Eastern District of Wisconsin, Milwaukee, WI, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Hassan Zakari Fagge, a native and citizen of Nigeria, seeks review of an August 19, 2005 order of the BIA affirming the April 14, 2005 decision of Immigration Judge ("IJ") Alan L. Page denying Fagge's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hassan Zakari Fagge*, No. A73 641

646 (B.I.A. August 19, 2005), *aff'g* No. A73 641 646 (Immig. Ct. N.Y. City April 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006).

█ In light of the fact that Fagge was not represented by an attorney before the BIA, we "generously" construe his *pro se* brief to the BIA as arguing that he had a well-founded fear of persecution in Nigeria based on the country conditions of religious rioting. *See Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007) (construing "generously" applicant's *pro se* brief to the BIA); *cf. Ortiz v. McBride,* 323 F.3d 191, 194 (2d Cir.2003) (stressing in a civil rights case that this Court construes appellate briefs submitted by *pro se* litigants liberally, reading such submissions to raise the strongest arguments they suggest). Consequently, we have jurisdiction to review the subsidiary arguments that Fagge raises on appeal; specifically, that he was entitled to a presumption of a well-founded fear of persecution, and that the IJ erred in holding that he did not have a well-founded fear of persecution due to changed country conditions. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are claiming and the individual issues on which that relief may turn, but not subsidiary legal arguments). However, we lack jurisdiction over the IJ's relocation finding, which Fagge failed to raise before the BIA. *See Steevenez,* 476 F.3d at 117–18 (finding that an applicant failed to exhaust the issue of his ability to relocate safely in his brief to the BIA and that this issue constitutes an independent ground for denial of withholding of removal).

█ We recently emphasized that although the facts relevant to the issue of changed country conditions may also be relevant to the issue of relocation, the two issues are nonetheless distinct. *See id.* Thus, an argument regarding an applicant's ability to relocate safely is not an extension of an argument regarding whether country conditions have changed. *Id.* In any event, because Fagge also fails to challenge the IJ's relocation finding in his brief to the Court, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (finding issues not sufficiently argued in the briefs to be waived). Accordingly, the petition for review is denied with respect to Fagge's asylum and withholding of removal claims based on the IJ's finding that he could avoid persecution by

relocating within northern Nigeria, notwithstanding the general country conditions. 8 C.F.R. §§ 208.13(b)(2)(ii); 208.16(b)(1)(i)(B).

 Additionally, substantial evidence supports the IJ's determination that Fagge failed to establish that it was more likely than not that he would be tortured in Nigeria. The IJ accurately observed that Fagge never indicated that he had any problems with the government of Nigeria, and that after his family members were killed, he filed a complaint with the governor. Fagge indicated that the government office then facilitated the issuance of his visa to come to the United States. Because Fagge failed to demonstrate any likelihood that he would be tortured with the consent or acquiescence of the Nigerian government, the IJ appropriately denied his request for relief under the CAT. *See* 8 C.F.R. § 208.18(a)(1), (7); cf. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.