SUMMARY ORDER

Kien Peng Ciu and Suryani Jung, natives and citizens of Indonesia, seek review of an August 23, 2007 order of the BIA affirming the November 18, 2004 decision of Immigration Judge (“IJ”) George T. Chew, which denied Jung’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Kien-Peng Ciu and Suryani Jung, Nos. A96 266 638, A97 966 295 (B.I.A. Aug. 23, 2007), aff'g Nos. A96 266 638, A97 966 295 (Immig. Ct. N.Y. City Nov. 18, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005); Jin Yu Lin v. U.S. Dep’t of Justice, 413 F.3d 188, 191 n. 4 (2d Cir. 2005). Here, the BIA stated that the IJ found that the incidents Jung described did not rise to the level of persecution; however, the IJ made no such finding. The BIA also conducted its own analysis of Jung’s pattern or practice of persecution claim. Accordingly, we review only the BIA’s decision. See Yan Chen, 417 F.3d at 271.
We ordinarily review the agency’s factual findings under the substantial evidence standard.[2] See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir. 2003), abrogated on other grounds by 8 U.S.C. § 1158(b)(l)(B)(iii).
We find that the agency did not err in denying Jung’s application for asylum and withholding of removal.[3] With regard to Jung’s past persecution claim, the BIA properly found that the incidents of harassment and discrimination she described did not amount to persecution. See Ivanishvili v. U.S. Dep’t. of Justice, 433 F.3d 332, 341 (2d Cir.2006). Moreover, we find no support in the record for Jung’s argument that the BIA failed to consider the incidents she described cumulatively. See Gjolaj v. BCIS, 468 F.3d 140, 143 (2d Cir.2006); Edimo-Doualla v. Gonzales, 464 F.3d 276, 283 (2d Cir.2006); cf. Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 19 (2d Cir.2006). As the IJ noted, Jung testified that “nothing really happened to her” due to her religion or ethnicity. Because the record supports the BIA’s conclusion, we find no error.
With regard to her future persecution claim, although Jung does not argue that she would be singled out for persecution if she returns to Indonesia, an applicant need not “provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if *672 ... [t]he applicant establishes that there is a pattern or practice in his or her country of nationality ... of persecution of a group of persons similarly situated to the applicant.” 8 C.F.R. § 1208.13(b)(2)(iii). The BIA has found that a pattern or practice of persecution is the systematic or pervasive persecution of a group. In Matter of AM-, 23 I. & N. Dec. 737, 741 (B.I.A.2005) (citing Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005)).[4]
In Matter of A-M-, the BIA found that while the 2002 State Department Country Report (“2002 Country Report”) in the record described “incidents of harm” involving “fellow citizens,” it also indicated that “Government acquiescence [was] not the norm” and that the Indonesian government “officially promotes racial and ethnic tolerance.” Matter of A-M-, 23 I. & N. Dec. at 741 (internal quotation marks omitted). The BIA concluded that the 2002 Country Report’s reference to “ ‘instances of discrimination and harassment’ ” against ethnic Chinese did not describe persecution “so systemic or pervasive as to amount to a pattern or practice of persecution.” Id. Here, the BIA denied Jung’s pattern or practice claim based on a finding that the 2003 Country Report in the record “echoed” the 2002 Country Report. Indeed, the 2003 Country Report uses language identical to that of the 2002 Country Report to describe harassment and discrimination of ethnic Chinese, and elsewhere reports a relative decrease in violence against Christians. We conclude that because the record reasonably supports the BIA’s observation that the 2003 Country Report in the record was substantially similar to the 2002 Country Report, the BIA did not err in finding that Jung failed to establish a pattern or practice of persecution in Indonesia against ethnic Chinese Indonesian Christians.
As the BIA did not err in concluding that Jung failed to establish a well-founded fear of persecution, it did not err in denying her application for asylum and withholding of removal where the two claims were based upon the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. A review of the record raises the question of whether the BIA may have engaged in impermissible fact-finding, see 8 C.F.R. § 1003. l(d)(3)(iv). Even construing Petitioners’ pro se brief to this Court generously, however, Petitioners fail to raise the question. We therefore do not address it. Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal); cf. Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir.2003) (stressing in a civil rights case that this Court construes appellate briefs submitted by pro se litigants liberally, reading such submissions to raise the strongest arguments they suggest).

. For reasons similar to those set forth in note 2 above, we decline to review to agency’s denial of Jung’s CAT claim.

. In Mufied v. Mukasey, we noted that the BIA's analysis in Matter of A-M- “does not provide us sufficient guidance for how to evaluate a pattern or practice claim.” 508 F.3d 88, 92 (2d Cir.2007). We continue to await such guidance from the BIA. Nonetheless, we do not find the issue dispositive in this case because, unlike in Mufied, the BIA analyzed petitioner’s pattern or practice claim in the first instance.