SUMMARY ORDER

Guo Quan Li, a native and citizen of the People’s Republic of China, seeks review of a September 10, 2008 order of the BIA, affirming the July 20, 2007 decision of Immigration Judge (“IJ”) Terry A. Bain, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Guo Quan Li, No. A200 125 685 *51 (B.I.A. Sept. 10, 2008), ajfg A200 125 685 (Immig. Ct. N.Y. City July 20, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 482 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovie v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Appellate briefs submitted by pro se litigants are liberally construed, and we “read[ ] such submissions to raise the strongest arguments they suggest.” See Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir.2003). Nonetheless, “[ijssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.” Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998). As the Government correctly notes, Li’s opening brief does not challenge the BIA’s findings that he was not credible and had not met his burden of proof on his claims for asylum, withholding of removal, and CAT relief. Indeed, Li only states that he “disagree[s]” with the decisions of the IJ and BIA, and that his case is “non-frivolous,” but fails to make any argument challenging the agency’s denial of relief. Even construing liberally Li’s pro se submission, see Ortiz, 323 F.3d at 194, his complete failure to argue error results in a waiver of any challenge to the agency’s denial of relief. See, e.g., Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (“On this appeal, Zhang devotes only a single eonclusory sentence to the argument that he met his burden of showing a well-founded fear of persecution on this ground. We therefore deem his petition for review of the IJ’s finding as to this claim abandoned and do not consider it.”). Because Li fails to challenge the BIA’s decision, we are left with nothing to review and, accordingly, deny the petition for review. See Nwogu v. Gonzales, 491 F.3d 80, 84 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).