SUMMARY ORDER

Petitioner Shi Ji Lin, a native and citizen of the People’s Republic of China, seeks review of the December 9, 2008 order of the BIA denying his motion to reopen removal proceedings. In re Shi Ji Lin, No. A072 485 434 (B.I.A. Dec. 9, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); see also Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006).
“Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.” Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998). Lin has failed to challenge the BIA’s denial of his motion to reopen based on his illegal departure. Indeed, Lin mentions the BIA’s denial on this ground once in a single sentence in a section of his brief titled “Statement of My Case,” but does not explain why the BIA’s denial was in error. While this Court liberally construes Lin’s pro se submission, see Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir.2003), his failure to argue error results in a waiver of any challenge to the BIA’s denial of his motion to reopen on this ground. See, e.g., Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
In addition, the BIA reasonably rejected Lin’s claim for adjustment of status based on his failure to submit any of the allegedly approved applications that would entitle him to such relief. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). For the first time, before this Court, Lin contends that his wife’s 1-130 petition was approved on May 10, 2008, and provides a receipt number for this petition. Because Lin failed to raise this argument (or include such information as part of the record) before the BIA, we conclude that Lin failed to exhaust this argument before the agency and therefore decline to review it. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Nor will we remand for the BIA consider this extra-record material. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269 (2d Cir.2007).
Lin spends the majority of his brief arguing that he is entitled to reopening because the birth of his three U.S. — citizen children would place him in violation of the family planning policy in China. This Court lacks jurisdiction to consider these arguments because they were not raised before the BIA in the motion to reopen that is the subject of Lin’s petition for review. They were, instead, raised in a previous motion to reopen, from which Lin did not file a petition for review. On a *684 motion to reopen, we lack jurisdiction to review underlying agency decisions that are not the subject of the petition for review. See Kaur v. BIA 413 F.3d 232, 233 (2d Cir.2005). We therefore dismiss the petition for review to the extent Lin challenges the BIA’s March 2006 decision.
For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.