10-772-pr
Hernandez v. U.S. Dep't of Justice

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges,*
>
> JANE A. RESTANI,
> > *Judge.\**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

OCTAVIO HERNÁNDEZ,

> *Petitioner,*

   v.                                                                 No. 10-772-pr

UNITED STATES DEPARTMENT OF JUSTICE,

> *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**          Octavio Hernández, *pro se*, Albion, NY.

**FOR RESPONDENT:**          Sarah B. Fabian, Trial Attorney, District Court Section,
                             Office of Immigration Litigation,
                             U.S. Department of Justice, Washington, DC.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

---

\* The Honorable Jane A. Restani of the United States Court of International Trade, sitting by designation.

**UPON CONSIDERATION** of the petition for review, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** for want of jurisdiction.

Petitioner Octavio Hernández ("petitioner"), proceeding *pro se*, appeals from a February 23, 2010 judgment of the District Court dismissing for want of jurisdiction his 28 U.S.C. § 2241 petition challenging his final order of removal from the United States. The dismissal was ordered without prejudice to petitioner's refiling of a petition for review in our Court. We assume the parties' familiarity with the remaining factual and procedural history of the case.

Although petitioner's notice of appeal is not styled as a petition for review, and his appellate brief challenges only the validity of his underlying New York state conviction for sexual abuse and criminal possession of a weapon, we "construe[ ] appellate briefs submitted by *pro se* litigants liberally and read[ ] such submissions to raise the strongest arguments they suggest." *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003). Accordingly, we construe petitioner's notice of appeal as a petition for review of his final order of removal.

The threshold question on appeal is whether we may exercise subject matter jurisdiction over this petition. Pursuant to 8 U.S.C. § 1252(b)(1), a petition for review must be filed in the Court of Appeals "not later than 30 days after the date of the final order of removal." Here, the Board of Immigration Appeals entered petitioner's final order of removal on November 21, 2007, but petitioner did not file his petition for review until March 3, 2010. Even if we were to assume that the date Hernández filed his § 2241 petition in the District Court (January 22, 2010) was the operative date, his petition would still be untimely. Accordingly, we lack jurisdiction over the petition. *See Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001) (noting that compliance with the 30-day deadline in 8 U.S.C. § 1252(b)(1) is a "strict jurisdictional prerequisite").

### CONCLUSION

For the reasons stated above, the petition for review is **DISMISSED** for want of jurisdiction. As we have completed our review, any pending motion for a stay of removal is **DENIED** as moot.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

2