Qurashi v. Ocwen Loan Servicing

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
PETER W. HALL,
GERARD E. LYNCH,
*Circuit Judges*.

_____

SHAHNEWAZ QURASHI,

*Plaintiff-Appellant*,

NAHID A. QURASHI,

*Plaintiff*,

v.                                                                          18-1045

OCWEN LOAN SERVICING, LLC, MERSCORP
HOLDINGS, INC., FKA MERS/MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,

*Defendants-Appellees*,

SENECA MORTGAGE SERVICING,

*Defendant*.

_____

For Plaintiff-Appellant:          SHAHNEWAZ QURASHI, *pro se*, Hollis, NY.

For Defendants-Appellees:         BRETT L. MESSINGER and BRIAN J. SLIPAKOFF, Duane Morris LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Shahnewaz Qurashi and Nahid A. Qurashi (collectively "the Qurashis"), appearing *pro se*, sued Ocwen Loan Servicing, LLC ("Ocwen"), Merscorp Holdings, Inc. ("MERS"), and Seneca Mortgage Servicing ("Seneca"),[1] for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and state law in connection with a mortgage on real property in Coram, New York. Broadly construed, the Qurashis alleged that the defendants failed to validate a debt request and that MERS's predecessor company invalidly assigned their mortgage to another entity. They also sought to quiet title and alleged various state-law violations. The district court adopted the magistrate judge's Report and Recommendation ("R&R") finding the complaint devoid of the factual allegations needed to state the elements of a plausible FDCPA claim and declining to exercise supplemental jurisdiction over any potential state law claims. Shahnewaz Qurashi ("Qurashi")[2] appeals the district court's grant of the defendants' motion to dismiss the complaint

---

[1] By electronic order dated March 29, 2017, the district court dismissed the complaint as against Seneca upon consent and with prejudice. Qurashi does not challenge Seneca's dismissal on appeal.

[2] Only Shahnewaz Qurashi appealed the district court's judgment.

2

for failure to state a claim under the FDCPA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court "review[s] the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam).[3] To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although allegations in a complaint are assumed to be true, this tenet "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the defendants argue that we should deem all appellate issues waived given "Qurashi's brief, two sentence argument in support of reversal," Appellees' Br. 8, we liberally construe Qurashi's *pro se* brief as raising a general challenge to the district court's dismissal of the FDCPA claim, *see Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003) ("This court construes appellate briefs submitted by *pro se* litigants liberally and reads such submissions to raise the strongest arguments they suggest."). However, Qurashi has not challenged either (1) the district court's decision to refrain from exercising supplemental jurisdiction or (2) the district court's determination that granting leave to amend would be futile. Therefore, these two issues are waived for purposes of this appeal. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (stating that

---

3 Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

3

while *pro se* litigants are afforded some latitude, this Court need not decide issues that a party fails to raise clearly in his or her appellate brief).

The only federal cause of action identifiable in the Qurashis' complaint is a violation of the FDCPA. The FDCPA aims to "eliminate abusive debt collection practices by debt collectors" and to "protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). With certain exceptions inapplicable here, creditors are generally not considered "debt collectors" subject to the FDCPA. *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (explaining that the FDCPA gives rights to consumers "whose debts are placed in the hands of professional debt collectors for collection").

The Qurashis' complaint fails adequately to allege that the defendants qualify as debt collectors for purposes of the FDCPA, which only applies to statutorily defined "debt collectors." 15 U.S.C. § 1692a(6) (defining "debt collector" as "any person who uses . . . interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed . . . or due another"). The FDCPA excludes from this definition of debt collector "any person collecting or attempting to collect any debt owed . . . or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id*. § 1692a(6)(F).

The Qurashis have not alleged that either Ocwen or MERS obtained an interest in the mortgage while the obligation was in default. To the contrary, MERS is identified in the mortgage as the nominee for the lender at the time of origination of the loan. Additionally, the Qurashis do not allege that MERS itself undertook any efforts to collect on the obligation. Thus, the Qurashis have not plausibly alleged that MERS is a debt collector under the FDCPA.

4

As for Ocwen, the complaint is devoid of any allegations concerning its role as a loan servicer and the status of the Qurashis' loan at the time Ocwen began servicing it. A loan servicer acting on behalf of the owner of a debt obligation is not a debt collector unless it began its servicing duties after the loan entered default status. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014); *accord Obduskey v. Wells Fargo*, 879 F.3d 1216, 1219–20 (10th Cir.), *cert. granted on other grounds sub nom. Obduskey v. McCarthy & Holthus LLP*, 138 S. Ct. 2710 (2018) (mem.); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Therefore, a complaint that "does not allege that [a servicer] acquired [the plaintiff's] debt after it was in default . . . fails to plausibly allege that [the servicer] qualifies as a debt collector under FDCPA." *Roth*, 756 F.3d at 183. Because the Qurashis do not allege that their home loan was already in default at the time Ocwen became the servicer of their mortgage, they have not plausibly alleged that Ocwen was a debt collector under the FDCPA.

For these reasons, the Qurashis have failed to plead facts demonstrating that the FDCPA applies to defendants Ocwen and MERS. Accordingly, the district court properly granted the defendants' motion to dismiss. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5