OPINION OF THE COURT
 

 Simons, J.
 

 As this appeal comes to us, the only issue presented is whether the New York City Transit Authority is subject to the jurisdiction of the New York City Commission on Human Rights. We hold that it is, and therefore affirm the order of the Appellate Division.
 

 In September 1987 petitioner Lynn Levy filed a complaint with the New York City Commission on Human Rights, alleging discrimination by her former employer, the New York City Transit Authority. Levy complained that she had been subject to sexual harassment, and that the termination of her probationary employment with the Transit Authority was the direct result of her refusal to go on dates with her supervisor. The Commission awarded her relief, and the Tran
 
 *743
 
 sit Authority instituted this CPLR article 78 proceeding challenging the Commission’s jurisdiction.
 

 The Administrative Code of the City of New York vests in the New York City Commission on Human Rights the authority and jurisdiction to eliminate and prevent discrimination within the City of New York
 
 (see generally,
 
 Administrative Code of City of NY tit 8).
 
 [1]
 
 It provides further that it shall be illegal for an employer to discharge or otherwise discriminate against an employee on the basis of gender (Administrative Code § 98-107 [1] [a]). The jurisdiction of the City Commission over matters of discrimination within New York City is concurrent with the jurisdiction of the New York State Division of Human Rights (General Municipal Law § 239-s).
 
 [2]
 

 At the time petitioner Levy filed her complaint against the Transit Authority, the Commission was authorized to:
 

 "receive, investigate and pass upon complaints and to initiate its own investigations of: * * * [discrimination * * * whether practiced by private persons, associations, corporations and, after consultation with the mayor, by city officials or city agencies” (Administrative Code § 8-105 [4] [b]).
 
 [3]
 

 Respondent contends that this statutory provision authorizes proceeding only against private corporations and not against it because it is a public benefit corporation
 
 (see,
 
 Public Authorities Law § 1201 [1]). However, the Administrative Code’s
 
 *744
 
 definition of the term "person[s]” includes corporations and the term "private” cannot be read to modify the separate reference to "corporations” without making that separate reference redundant
 
 (see,
 
 Administrative Code § 8-102 [1]). We therefore determine that Administrative Code § 8-105 (former [4]) includes public corporations. The Transit Authority does not otherwise dispute that the Commission may entertain this claim: the Transit Authority is an employer within the meaning of the Administrative Code and the matters at issue occurred within the geographical scope of the City Commission’s jurisdiction. Accordingly, we conclude the Transit Authority is subject to the jurisdiction of the New York City Commission on Human Rights.
 

 The Authority seeks to avoid this result by claiming that it is an independent and autonomous public authority created by the Legislature and that the City Commission may exercise jurisdiction over it only if the Legislature has expressly authorized such local regulation and control. We have indeed recognized that public authorities are corporate bodies which, although created by the State, "are independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State board, department or commission”
 
 (Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth.,
 
 5 NY2d 420, 423;
 
 see also, Grace & Co. v State Univ. Constr. Fund,
 
 44 NY2d 84, 88;
 
 Collins v Manhattan & Bronx Surface Tr. Operating Auth.,
 
 62 NY2d 361, 369). Thus, where the provisions of the Public Authorities Law vested the New York State Thruway Authority with the specific and detailed power required to construct and maintain a thruway system, we concluded that the Thruway Authority, when transacting its own business affairs, was not subject to the public bidding requirements which are imposed on other boards or departments of the State pursuant to State Finance Law § 135
 
 (see, Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., supra).
 
 Similarly, we held that contracts awarded by the State University Construction Fund — a public benefit corporation created to receive and administer moneys available for the construction of facilities of the State University — were not subject to a statute permitting adjustment of contracts awarded "by the state”
 
 (see, Grace & Co. v State Univ. Constr. Fund, supra).
 
 And we determined that the Manhattan and Bronx Surface Transit Operating Authority — a public author
 
 *745
 
 ity that is a subdivision of the New York City Transit Authority — was not a civil division of the State and that the Legislature did not violate the civil service provision of the State Constitution when it expressly exempted that public authority from the requirements of the Civil Service Law
 
 (see, Collins v Manhattan & Bronx Surface Tr. Operating Auth., supra).
 

 The general theme of these decisions is that public authorities and other public benefit corporations are created to accomplish a specific purpose or mission and are endowed with the freedom and flexibility necessary to achieve that mission. They are "independent and autonomous” to the extent that they should be free from requirements imposed on other State agencies that would interfere with the accomplishment of the public corporation’s purpose
 
 (see, Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., supra,
 
 at 423).
 

 The purpose of the New York City Transit Authority is to acquire and operate transit facilities
 
 (see,
 
 Public Authorities Law § 1202 [1]). It cannot be seriously contended — nor does the Transit Authority press such an argument — that compliance with the prohibitions against employment discrimination would interfere with its function and purpose, particularly where employment practices are tangential to the Transit Authority’s mission
 
 (cf., Matter of Maloff v City Commn. on Human Rights,
 
 38 NY2d 329, 333-334,
 
 supra; Matter of Board of Higher Educ. v Carter,
 
 14 NY2d 138).
 

 Further, we cannot accept the contention that specific legislative authority is required for the Commission’s oversight of the Transit Authority
 
 (compare, Matter of New York Post Corp. v Moses,
 
 10 NY2d 199 [private tollpayer or citizen could not inspect the books of a public authority in the absence of statutory authority]). The Commission’s jurisdiction over the Authority obtains from the Commission’s authority to investigate complaints of employment discrimination, the Transit Authority’s status as a corporation, and its conduct as an employer in the City of New York. The Legislature has expressly declined to restrict the scope of the City Commission’s jurisdiction and authority
 
 (see,
 
 General Municipal Law § 239-s), and there is no provision in the Public Authorities Law which appears to preclude the City Commission’s jurisdiction over the New York City Transit Authority
 
 (compare, e.g.,
 
 Public Authorities Law § 1307 [7] [the Capital District Transportation Authority is not subject to the jurisdiction of local governments unless specifically provided]).
 

 
 *746
 
 Finally, the Transit Authority contends that the jurisdiction of the Commission is precluded by statutory and constitutional municipal home rule provisions. It asserts that the City of New York lacks the power "to adopt local laws which impair the powers of any other public corporation” (Municipal Home Rule Law § 10 [5]). But the Transit Authority does not, and cannot, contend that its powers as an employer
 
 (see,
 
 Public Authorities Law § 1204 [6]; § 1210) include the right to discriminate on the basis of gender. Indeed, by conceding the jurisdiction of the State Division of Human Rights, the Transit Authority acknowledges that limitation on its powers, and thus the identical local proscription against sex discrimination cannot be construed as an impairment of the Transit Authority’s powers. Nor can the jurisdiction of the New York City Commission on Human Rights be viewed as a violation of the constitutional home rule provision, which limits a locality’s authority to the adoption of local laws "not inconsistent with the provisions of * * * any general law” (NY Const, art IX, § 2 [c] [i]). The City’s adoption of local laws on human rights is a valid exercise of the City’s broad police power, which, we have said, is restricted to the extent that the local law may not be inconsistent with general law and may not intrude into an area which the Legislature has preempted
 
 (see, New York State Club Assn. v City of New York,
 
 69 NY2d 211, 217;
 
 Consolidated Edison Co. v Town of Red Hook,
 
 60 NY2d 99, 105). Administrative Code § 8-107 (1) (a) is not inconsistent with article 15 of the State Executive Law or article 5, title 9 of the Public Authorities Law, and manifestly, the Legislature has not preempted the area of human rights because it has expressly recognized the concurrent jurisdiction of the City Commission on Human Rights with respect to matters in New York City (General Municipal Law § 239-s).
 

 In sum, we conclude that the New York City Commission on Human Rights had jurisdiction to hear and determine petitioner Levy’s complaint against the New York City Transit Authority, and that the status of the Transit Authority as a State-created public authority does not exempt it from the Commission’s jurisdiction.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Unless otherwise noted, all references to the New York City Administrative Code are to the provisions in effect at the time of petitioner Levy’s complaint
 
 (see,
 
 1986 NY City Charter; 1986 Administrative Code of City of NY).
 

 [2]
 

 . General Municipal Law § 239-s recognizes that both agencies may each exercise their authority over illegal discrimination within the City of New York; we have held that the possession of authority and jurisdiction of one does not preclude the exercise of authority and jurisdiction by the other
 
 (see, Matter of Maloff v City Comma, on Human Rights,
 
 38 NY2d 329, 333). We reject the Commission’s contention that this provision operates to vest the Commission with jurisdiction over the Transit Authority because the State Division of Human Rights enjoys such jurisdiction
 
 (compare,
 
 Executive Law § 295 [16] [State Division enjoys concurrent jurisdiction with the City Commission "over the administration and enforcement” of certain provisions of the Administrative Code]).
 

 [3]
 

 . Administrative Code § 8-105 (4) currently provides the Commission with the authority to investigate "Discrimination against any person or group of persons, provided, however, that with respect to discrimination alleged to be committed by city officials or city agencies, such investigation shall be commenced after consultation with the mayor” (§ 8-105 [4] [a] [ii]).