■ Dinah Modiano, Respondent, v Douglas Elliman et al., Appellants. [693 NYS2d 24] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 12, 1998, which to the extent appealed from, upon the grant of reargument, vacated portions of an earlier order and denied defendants' motion for summary judgment to the extent that it sought dismissal of plaintiff's third and sixth causes of action, unanimously affirmed, without costs.

In this action alleging causes under the New York Human Rights Law (Executive Law § 290 et seq.) for illegal discrimination and retaliation, we agree with the IAS Court that a claim for retaliatory conduct does not necessarily fail by reason of a subsequent finding that the underlying discrimination complaint, upon which the claim of retaliation is premised, is without merit (see, Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights, 164 AD2d 208, 210). In this regard, we conclude that there are factual issues as to whether plaintiff's subjectively held belief that she was entitled to the protection of the Human Rights Law was reasonable, notwithstanding defendants' contentions that plaintiff was aware that the brokers were independent contractors and, as such, not within the protective ambit of the Human Rights Law. While brokers may be independent for purposes of taxes and entitlement to employee benefits, it does not necessarily follow that plaintiff could not have reasonably believed that the conduct about which she originally complained was within the statute's remedial scope. Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.