■ KAREN STRAUSS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [758 NYS2d 656] —Judgment, Supreme Court, Bronx County (George Friedman, J.), entered on or about June 27, 2002, which, upon a jury verdict, in this action for personal injury resulting from a slip and fall on a City sidewalk adjacent to a subway entrance, inter alia, awarded plaintiff the total amount of $523,480.90 against defendant New York City Transit Authority, unanimously affirmed, without costs.

The trial evidence, reasonably viewed, supported the jury's findings that plaintiff slipped on a patch of ice within a few feet of the entrance to appellant Transit Authority's elevated train station; that appellant undertook to remove snow from the sidewalk in the vicinity of the entrance; that its employees were negligent in performing this work; and that such negligence was the proximate cause of the fractured left ankle sustained by plaintiff. Accordingly, the verdict holding appellant responsible for plaintiff's harm was sufficiently supported (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]). We observe in this connection that the evidence showed that access to the train platform toward which plaintiff was walking at the time of her accident is provided by a "stairway tower" that is the only structure on a median otherwise used for parking Transit Authority police vehicles; that plaintiff's expert meteorologist testified that the subject patch of ice formed on February 26, 1991, at the beginning of a snow storm; that plaintiff fell after leaving work on the afternoon of February 28th, by which time the area in front of the subway entrance had been cleared down to the pavement; and that a Department of Sanitation supervisor testified that defendant City did not perform any snow removal after the storm.

Viewing the evidence in a light most favorable to plaintiff, as we are required to do (*see Matter of S. Kornblum Metals v Intsel Corp.*, 38 NY2d 376, 379 [1976]), the jury was warranted in concluding that Transit Authority personnel cleared the snow at the site of the accident. The jury could have reasonably found that the existing ice patch was uncovered by appellant's snow clearing efforts and that the slicker, less easily visible surface thus created was more hazardous than the surface existing prior to the snow's removal (*see Rector v City of New*

*York*, 259 AD2d 319, 320-321 [1999]). Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.