*757 OPINION OF THE COURT
Richard F. Braun, J.
In this action, plaintiff Zachary Logan has sued defendant the Salvation Army for alleged discrimination in his former employment with defendant, based on his sexual orientation and religion, and for defendant’s retaliation against plaintiff for his complaining about the discrimination. Defendant moves for summary judgment in its notice of motion and in various places in the papers in support of the motion, and in other places to dismiss the complaint. The parties denominated the motion in a subsequent stipulation as a motion to dismiss.
It is undisputed that the motion was made before defendant answered the complaint, and defendant specifies that the motion is preanswer. Thus, the portion of the motion seeking summary judgment is premature (CPLR 3212 [a]; City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]; Sonny Boy Realty, Inc. v City of New York, 8 AD3d 171, 172 [1st Dept 2004]).
The proper branch of defendant’s motion is to dismiss the complaint, pursuant to CPLR 3211 (a). In deciding such a motion, the court is to accept as true all of the allegations of the complaint and give the plaintiff all favorable inferences that follow from the allegations (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]). The court must determine whether the complaint pleads any cause of action recognized in our state, and, if so, the motion will be denied (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). If the plaintiff states a claim for relief “on any reasonable view of the facts stated, [the court’s] inquiry is complete, and [the court] must declare the complaint legally sufficient.” (Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318 [1995] [citation omitted].)
Plaintiff is an individual who was employed by defendant from approximately October 2001 through January 11, 2002. He was a senior caseworker in connection with defendant’s World Trade Center Disaster Relief project. Plaintiff is gay and Jewish. Plaintiff’s supervisor was Michelle Pallak. She acted hostilely toward him because of his sexual orientation and religious background. She undermined him in his job performance and treated him differently than she did heterosexual employees. In about the middle of December 2001, she stated to him: “I wonder how the officers would feel if they knew they had a Jewish fag working for them.” Defendant is administered by officers, who are clergy of the defendant church. Plaintiff reported Ms. Pallak’s harassing behavior to a human resources *758 representative of defendant. Ms. Pallak continued to harass plaintiff. He met with a human resources representative and Ms. Pallak in about the first week of January 2002, and, rather than being allowed to present his concerns, plaintiff was reprimanded. Soon thereafter, on about January 11, 2002, defendant terminated plaintiff. The day after his termination, Ms. Pallak commented to colleagues of plaintiff that she hoped that he “did not play the gay card.”
Plaintiff’s first two causes of action are that defendant discriminated against him due to his sexual orientation, in violation of the New York State Human Rights Law (Executive Law § 296 [1] [a]) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107 [1] [a]). The third and fourth causes of action, under those provisions, are that defendant discriminated against plaintiff due to his religion. The fifth and sixth claims by plaintiff against defendant are that it unlawfully retaliated against plaintiff for asserting his rights in notifying defendant of Ms. Pallak’s discriminatory comments and harassing treatment of him in the workplace, as barred by Executive Law § 296 (1) (e) and Administrative Code § 8-107 (7). Plaintiff is seeking against defendant back pay, front pay or reinstatement, compensatory and punitive damages, interest, attorney’s fees, and costs.
Defendant is a religious organization and a church (McClure v Salvation Army, 460 F2d 553, 554 [5th Cir 1972]; Lovon v Salvation Army, Inc., 393 F Supp 2d 223, 252 [SD NY 2005]; IRS Rev Rui 59-129). Defendant argues that it is exempt from the anti-discrimination provisions of the state and city Human Rights Laws because of defendant’s status as a religious organization. Executive Law § 296 (11) and Administrative Code § 8-107 (12) do expressly permit religious organizations to limit employment or give preference to persons of the same religion or denomination as the organization, or to promote the religious principles of the organization. However, those limited exemptions for religious organizations are a far cry from letting them harass their employees and treat the employees in an odiously discriminatory manner during their employment, and to use derogatory expressions toward the employees. Contrary to defendant’s argument that federal case law should be looked to here, our Court of Appeals has spoken: religious organizations, just like other employers, may not discriminate unlawfully against their employees, and the limited exemptions under Executive Law § 296 (11) and Administrative Code § 8-107 (12) do *759 not allow religious organizations to discriminate beyond the permitted exemptions (see Scheiber v St. John’s Univ., 84 NY2d 120, 126-127 [1994]). Thus, the claims cannot be dismissed due to defendant’s status as a religious organization (cf. Lown, 393 F Supp 2d 223, 252-255 [where the plaintiffs’ employment discrimination and hostile work environment claims, but not the retaliation claims, were dismissed because of the exceptions in Executive Law § 296 (11) and Administrative Code § 8-107 (12)]).
Executive Law § 296 (1) (a) was amended to add the sexual orientation discrimination provision (Sexual Non-Discrimination Act [SONDA]) in 2002, and the amendment became effective on January 16, 2003. Executive Law § 297 (9) gives an aggrieved person a cause of action under the New York State Human Rights Law to sue in court for an unlawful discriminatory practice. All of the acts complained of by plaintiff occurred in 2001 and 2002, before the effective date of SONDA, which, with Executive Law § 297 (9), created plaintiffs first cause of action.
It is a primary rule of statutory construction that generally statutes are construed prospectively, and not retroactively applicable, unless the language of the statute or the Legislature clearly expresses an intent that the statute is to be construed retroactively (see McKinney’s Cons Laws of NY, Statutes § 51 [b]; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]). An amendment to a statute will only be given retroactive effect in the exceptional case where the Legislature declares it so (Statutes § 52). Where a new right of action is created, as here, the presumption is that it is prospective, not retroactive, unless there is clearly a contrary legislative intent (see Matter of Marino S., 100 NY2d 361, 370 [2003]).
Assembly Member Steven Sanders stated in a footnote that bills similar to SONDA had been introduced since 1971 (Mem of Assembly Member Steven Sanders, 2002 NY Legis Ann, at 2). Yet, the State Legislature did not finally pass a law banning sexual orientation discrimination until 2002 and made it effective in 2003. In the legislative debate, the Acting Speaker of the Assembly had the Clerk read into the record that the act would not take effect until 30 days after the date on which the bill became law (Assembly Debate Transcripts, Jan. 28, 2002, at 37), and the Majority Leader of the State Senate had the Secretary there do the same (2002 Senate Debate Transcripts at 6860). The only pertinent statement in the Bill Jacket is in the New York State Assembly Memorandum in Sup *760 port of Legislation, which said that the bill would become effective 30 days after it became law (Bill Jacket, L 2002, ch 2, at 5). The legislative history of taking 31 years to pass a law proscribing sexual orientation discrimination, and then expressly not making the law retroactive but rather having it become effective in the future, showed that the Legislature had no “sense of immediacy” as to the effectiveness of the law (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001]).
Thus, the court must rule that the law only applies prospectively. Therefore, defendant is correct in its alternative argument that the first cause of action does not plead a claim because no right to sue existed on the claim at the time of the acts about which plaintiff complains. Accordingly, the court dismissed the cause of action, by this court’s separate decision and order.
Defendant of course acts through its officers and employees, and is liable for its supervisor’s discrimination in the work environment (see Espaillat v Breli Originals, 227 AD2d 266, 267-268 [1st Dept 1996]). Plaintiff has sufficiently pleaded claims against defendant for sexual orientation and religious discrimination under the New York City Human Rights Law, and for religious discrimination under the state Human Rights Law. Plaintiff has also adequately pleaded causes of action under the retaliation provision of both laws, which in any event need not be premised on viable discrimination claims (see Modiano v Elliman, 262 AD2d 223 [1st Dept 1999]). Therefore, none of the second through sixth causes of action have been dismissed. Invidious discrimination, including by religious institutions, has no place in our society. If the allegations made by plaintiff are true, he should be compensated for defendant’s bad acts. This action will go forward.