The district court's March 31, 2005 order is hereby AFFIRMED.

Norma WILDER, Plaintiff–Appellant,

v.

Ralph NEWMAN, Ingrid Ricter, Mark Lawson, Irene Madera, The New Fulton Commons Co., Defendants–Appellees.

No. 05–0478CV.

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

Norma Wilder, Malone, N.Y., for Plaintiff–Appellant, pro se.

Douglas E. Motzenbecker, Podvey, Sachs, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C., Newark, N.J., for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of February, two thousand and six.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff–Appellant Norma Wilder ("Wilder"), proceeding *pro se*, appeals the district court's dismissal of her complaint alleging discrimination and unfair labor practices by her former employer The New Fulton Commons, Co. and several employees of New Fulton Commons: Ralph Newman, Ingrid Richter, Mark Lawson, and Irene Madera ("Defendants–Appellees"). Wilder alleged discrimination in violation of the Americans with Disability Act of 1990(ADA), 42 U.S.C. § 12101 *et seq.*; discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and unfair labor practices, treated as a claim under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court granted Defendants–Appellees' motion to dismiss as to all claims on November 30, 2004. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

■ With respect to Wilder's federal claims, we affirm the judgment of the court below for substantially the reasons given by the district court. On appeal, Wilder also asks this court to construe her complaint as having raised related claims under New York law, although her filings and arguments below did not address such claims, and the district court did not pass on their merits. We have long held that *pro se* litigants, particularly those claiming discrimination, *see Ortiz v. McBride,* 323 F.3d 191, 194 (2d Cir.2003), "generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest," *Green v. United States,* 260 F.3d 78, 83 (2d Cir.2001) (internal quotation marks omitted). In general, however, we do not consider an issue that was not passed upon below. *See Booking v. Gen. Star Mgmt. Co.,* 254 F.3d 414, 418 (2d Cir.2001).

■ In this respect, we note in passing that Wilder's state claims are likely flawed. The New York Human Rights Law made sexual orientation, which is the basis of Wilder's claims, a protected trait as of January 16, 2003. *See* N.Y. Exec. Law § 296(1)(a) (McKinney 2005). The incidents aggrieved in the present action occurred in late 2002, and the law applies prospectively only. *See Logan v. Salvation Army,* 10 Misc.3d 756, 809 N.Y.S.2d 846 (Sup.Ct.2005). With respect to her claim arising under the New York City Human Rights Law, *see* New York City Administrative Code § 8–502(a), there is no dispute that the incidents in this case occurred in Nassau County, which is outside the jurisdictional boundaries of the New York City Administrative Code. *See* N.Y. Gen. Mun. Law § 239–s (McKinney 2005); *see also Levy v. City Comm'n on Human Rights,* 85 N.Y.S.2d 740, 743, 628 N.Y.S.2d 245, 651 N.E.2d 1264 (1995) ("The Administrative Code . . . vests in the New York City Commission on Human Rights the authority and jurisdiction to eliminate and prevent discrimination within the City of New York.").

We have considered all of Wilder's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.