OPINION OF THE COURT
Lawrence Knipel, J.
*704 Plaintiff moves to vacate a judgment of this court entered October 10, 2006, which, upon a short form order dated September 6, 2006, granting defendants’ motion to dismiss the amended complaint upon plaintiff’s default in appearing for oral argument, dismissed the amended complaint.
The parties vociferously debate who, if anyone, is at fault in plaintiffs failure to appear. In the court’s discretion, and in furtherance of the public policy to determine disputes on their merits, the motion by plaintiff to open his default and to restore the defendants’ motion to dismiss is granted.
This action purportedly states a claim for retaliation pursuant to the New York City Human Rights Law (Administrative Code of City of NY § 8-107 [7]). Plaintiff seeks a declaratory judgment that defendants’ conduct constitutes unlawful retaliation, an injunction restraining defendants from further retaliation, damages and attorney’s fees. Defendants contend that they are exempt from liability under the Human Rights Law pursuant to a recent amendment to Public Authorities Law § 1266 (8), which provides that no municipality shall have jurisdiction over any facilities of the Metropolitan Transportation Authority (MTA) or the New York City Transit Authority (NYCTA), or any of their activities or operations. Thus, it is argued, even affording plaintiff all favorable inferences, plaintiffs claims under the New York City Human Rights Law must fail.
In 1995, in Matter of Levy v City Commn. on Human Rights (85 NY2d 740 [1995]), the Court of Appeals held that the New York City Transit Authority was subject to the jurisdiction of the New York City Commission on Human Rights. The Authority had argued that the Human Rights Commission was authorized to proceed only against private corporations and not against an independent and autonomous public benefit corporation such as the NYCTA. The Court wrote (at 745) that “there is no provision in the Public Authorities Law which appears to preclude the City Commission’s jurisdiction over the New York City Transit Authority,” and contrasted this provision with Public Authorities Law § 1307 (7), dealing with the Capital District Transportation Authority (CDTA), and which provides that “[e]xcept as hereinafter specially provided, no municipality or political subdivision, including but not limited to a county, city, village, town or school or other district shall have jurisdiction over any facilities of the authority or any of its activities or operations.”
*705 Effective May 15, 2000, however, Public Authorities Law § 1266 (8) was amended to include the NYCTA, and the statute now provides:
“Except as hereinafter specifically provided, no municipality or political subdivision, including but not limited to a county, city, village, town or school or other district shall have jurisdiction over any facilities of the [Metropolitan Transportation] authority and its subsidiaries, and New York city transit authority, and its subsidiaries, or any of their activities or operations.”
Thus, the New York City Transit Authority is covered by the same language that applies to the MTA and the CDTA, which was recognized by the Court of Appeals as precluding the local government’s jurisdiction over it. This reading is supported by determinations of the Human Rights Commission, wherein the Commission itself states it lacks jurisdiction to hear employment discrimination claims filed against the NYCTA and its employees, and administratively closed those cases.
Accordingly, on the merits, defendants’ motion to dismiss the amended complaint is granted.