■ JUAN ECHEVARRIA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [847 NYS2d 38]—

Judgment, Supreme Court, Bronx County (Wilma Gomez, J.), entered September 8, 2006, upon jury verdict awarding plaintiff $418,000 in damages and finding defendant 100% at fault, unanimously affirmed, without costs.

Viewing the evidence in a light most favorable to plaintiff, as we are required to do, the jury was warranted in finding that defendant's negligence was a substantial factor in causing the accident and that plaintiff was not negligent (*see Strauss v New York City Tr. Auth.*, 305 AD2d 160 [2003], *lv denied* 100 NY2d 513 [2003]).

Plaintiff testified that he slipped and fell after stepping onto the exterior landing. On the ground he saw what appeared to be dirty ice chopped into many little pieces in the center of the landing, which looked like someone had started chopping but stopped. Defendant failed to show it was just as likely that pedestrian traffic might have broken up the ice in that manner, rather than turning it into slush.

Defendant's witness testified that she was required to clean the landing if there was ice on it, and that the procedure would be to use a chopper. The witness having admitted engagement in snow and ice removal activities as part of her duties, the jury was permitted to reject her testimony that there was no ice on the day in question, which conflicted with defendant's own climatological reports, and infer from her and plaintiff's testimony that she did chop the ice, albeit improperly, making the condition more hazardous.

Since defendant was acting in a proprietary rather than governmental capacity, and its maintenance of the landing does not conflict or interfere with its governmental function or purpose, it was not error for the court to charge the jury on New York City Administrative Code § 16-123, notwithstanding the May 2000 amendment to Public Authorities Law § 1266 (8) (L 2000, ch 61, part O, § 23) (*see Matter of Levy v City Commn. on Human Rights*, 85 NY2d 740 [1995]; *Huerta v New York City Tr. Auth.*, 290 AD2d 33 [2001], *appeal dismissed* 98 NY2d 643

[2002]; *Bogdan v New York City Tr. Auth.*, 2005 WL 1161812, *4-6, 2005 US Dist LEXIS 9317, *14-19 [SD NY 2005]).

We have considered defendant's other arguments and find them unavailing. Concur—Lippman, P.J., Nardelli, Buckley, Gonzalez and Sweeny, JJ.