SUMMARY ORDER
Plaintiff-Appellee-Cross-Appellant Rosetta Simmons (“Plaintiff”) filed the instant amended complaint against Defendant-Appellanb-Cross-Appellee New York City Transit Authority (the “TA”) in February 2003, pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12101, et seq., the New York State Human Rights Law (“NYSHRL”), N.Y. Exec. L. § 290, et seq., and the New York City Human Rights Law (“NYCHRL”), N.Y. City Admin. Code § 8-101, et seq. She alleged disability discrimination on the basis of her Irritable Bowel Syndrome (“IBS”). The TA appeals from a July 17, 2008 judgment of the United States District Court for the Eastern District of New York (Sifton, J.), entered following a jury verdict in favor of Plaintiff.[1]
*26 We are filing a separate opinion on the issue of whether the district court abused its discretion in calculating Plaintiffs attorneys’ fees. The remaining issues are considered summarily herein. We assume the parties’ familiarity with the procedural history, facts, and relevant issues on appeal.
The TA’s primary contention on appeal is that the district court erred in denying its Rule 50 motion. The district court’s denial of a Rule 50(b) motion is reviewed de novo. Yurman Design, Inc., v. PAJ, Inc., 262 F.3d 101, 108 (2d Cir.2001). A court can grant the motion only if, after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of the non-moving party, it finds that there is insufficient evidence to support the verdict. Tolbert v. Queens Coll., 242 F.3d 58, 70 (2d Cir.2001). A court cannot set aside the jury’s credibility findings and cannot find for the movant based on evidence the jury was entitled to discredit. Id.
To establish her claim under the ADA, Plaintiff was required to prove that she was a “qualified individual with a disability,” which is “defined to mean ‘an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position’ sought.” Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 215 (2d Cir.2001) (quoting 42 U.S.C. §§ 12111(8) and 12112) (emphasis omitted).
. The TA contends that it was unreasonable for the jury to “second-guess” its decision, based on the opinions of Plaintiffs own doctors that she could no longer work as a train operator, that Plaintiff was not qualified for the job. The TA’s argument is unpersuasive. Plaintiffs doctors never said that Plaintiff was per se unqualified for the train operator position. Plaintiffs doctors merely stated that she “may” have to be placed on permanent disability if the TA did not otherwise accommodate her IBS, and that she would have to take a medication “such as Donnatal” if she was not so accommodated. The jury was entitled on the basis of this evidence to find for Plaintiff.
The TA further challenges the jury’s finding that the reclassification of Plaintiff to bus cleaner duty was not a reasonable accommodation of her disability. However, “[rjeassignment does not constitute reasonable accommodation ... where a position comparable to the employee’s former placement is available, but the employee instead is assigned to a position that would involve a significant diminution in salary, benefits, seniority or other advantages that she possessed in her former job.” Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 99 (2d Cir.1999). The jury was entitled to conclude that reassignment to bus cleaner duty was not a reasonable accommodation for several reasons, including that there were no accessible bathrooms within a reasonable distance of the bus depot. Plaintiff also established at trial that the bus cleaner job was inferior in terms of working environment, hours, pay, and benefits, which the TA does not challenge on appeal. Furthermore, Plaintiff presented evidence that she was qualified for reassignment to “the Yard” or to the position of Transit Property Protection Agent, and that such positions were comparable to Plaintiffs old position and available when she was moved to the Bus Depot.
The TA also argues that the jury erroneously concluded that the TA “regarded” Plaintiff as disabled due to her IBS. An employee can prove a “disability” within the meaning of the ADA if she proves that her employer “regarded [her] as” having an impairment “that substan *27 tially limits one or more major life activities.” 42 U.S.C. § 12102(1)(A), (C). Whether an individual is “regarded as” having a disability “turns on the employer’s perception of the employee” and is therefore “a question of intent, not whether the employee has a disability.” Francis v. City of Meriden, 129 F.3d 281, 284 (2d Cir.1997). Here, the district court instructed the jury that the TA “regarded” Plaintiff as being impaired in the “major life activity” of the “elimination of waste.” See 42 U.S.C. § 12102(2)(B) (defining “major life activity” as including “functions of the ... bowel”). The TA contends that, while the district court correctly observed that the TA “regarded Plaintiffs IBS symptoms as so frequent and of such intensity that she could not drive a train safely and that passenger service would be disrupted because she could not control her bowel movements,” that determination was only potentially' relevant to the TA’s regarding Plaintiff as impaired in the “major life activity” of “working,” and not in “the elimination of waste.”
The jury was entitled to find that the TA actually regarded Plaintiff as “substantially limited in a major life activity” as that term is defined by the controlling regulations. See 29 C.F.R. § 1630.2(j)(2) (requiring consideration of “[t]he nature and severity of the impairment,” “[t]he duration or expected duration of the impairment,” and “[t]he permanent or long term impact ... resulting from the impairment”). There was evidence that, at the time of Plaintiffs reclassification, the TA believed that “[whjen symptomatic, [Plaintiff’s] impairment is severe,” — indeed, this belief was the very reason why the TA determined that Plaintiff needed to be taken off train duty. Moreover, the jury could have reasonably found that the TA “expected” Plaintiffs impairment to last an extended period of time, considering that it classified her as “permanently,” as opposed to “temporarily,” disabled when it removed her from the train operator position. And the jury was also entitled to conclude that this perceived impairment had an “expected ... long term impact” on Plaintiffs life, as it required her removal from the job that she had held for over a decade, and reclassification into an entirely different job at a distant location.
Finally, the TA claims that Plaintiffs NYCHRL claim “fails on the fundamental ground that this local law does not apply to the [TA],” because New York Public Authorities Law § 1266(8) states that “no municipality ... shall have jurisdiction over any facilities of the [Metropolitan Transportation Authority],” including the “New York [C]ity [T]ransit [Authority.” No New York court has accepted the TA’s position. See, e.g., Levy v. City Comm’n on Human Rights, 85 N.Y.2d 740, 745, 628 N.Y.S.2d 245, 651 N.E.2d 1264 (1995); Terranova v. N.Y. City Transit Auth., 49 A.D.3d 10, 850 N.Y.S.2d 123, 125-27 (2d Dep’t 2007), lv. to appeal denied 11 N.Y.3d 708, 868 N.Y.S.2d 600, 897 N.E.2d 1084 (2008); accord Everson v. N.Y. City Transit Auth., 216 F.Supp.2d 71, 79-81 (E.D.N.Y.2002). Those courts have noted that § 1266 “only exempt[s] the [TA] from the reach of local laws which ‘interfere with the accomplishment’ of the [TA]’s purpose.” Everson, 216 F.Supp.2d at 80. Because “compliance with local human rights laws [does] not interfere with the [TA]’s purpose,” id., those courts also reasonably concluded that the TA is not exempt from the NYCHRL, see Terranova, 850 N.Y.S.2d at 127 (“A public authority is not exempt ... from requirements that do not interfere with its public purposes.”).
We have considered all of the TA’s remaining arguments and we find them to be without merit. Accordingly, the judgment *28 of the district court is hereby AFFIRMED.

. Plaintiff voluntarily withdrew a cross-appeal related to her damages award.