09-0974-cv
Vuong v. New York Life Ins.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand and ten.

Present: ROBERT D. SACK,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

PHENG VUONG, *also known as* FRANK VUONG,
                  *Plaintiff-Appellant,*

        - v. -                              (09-0974-cv)

NEW YORK LIFE INSURANCE COMPANY,
                  *Defendant-Appellee.*

_____

Appearing for Appellant:    JANET C. NESCHIS, McLaughlin &
                            Stern LLP, New York, New York.

Appearing for Appellee:     MICHAEL L. BANKS, Morgan, Lewis
                            & Bockius LLP, Philadelphia,
                            Pennsylvania.

1

Appeal from the United States District Court for the Southern District of New York (Griesa, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Plaintiff, Frank Vuong ("Plaintiff" or "Vuong"), appeals from the district court's February 6, 2009 opinion and order granting summary judgment to Defendant, New York Life Insurance Company ("New York Life"). On February 18, 2003, Plaintiff filed a complaint against New York Life, his former employer, raising claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.* (the "FEHA"), and the New York City Human Rights Law, N.Y.C. Admin Code § 8-107 *et seq.* (the "NYCHRL"). We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

As an initial matter, we agree with the district court's rulings regarding Plaintiff's time-barred claims. *See Vuong v. N.Y. Life Ins. Co.*, No. 03 Civ. 1075 (TPG),

2

2009 WL 306391, at *7-11 (S.D.N.Y. Feb. 6, 2009). The district court also properly concluded that Plaintiff alleged several timely claims. *Id.* at *11-12. The court found the following claims timely: (1) Plaintiff's claim under § 1981 concerning Defendant's decision not to promote him to sole managing partner of the San Francisco General Office ("SFGO"); (2) Plaintiff's claims under Title VII, § 1981 and the FEHA that he was wrongfully terminated from his position as co-manager of the SFGO; (3) Plaintiff's claim brought pursuant to Title VII that Defendant improperly allocated different percentages of the SFGO's performance-related compensation to Vuong and his co-manager; (4) Plaintiff's claim that he was wrongfully denied a promotion as managing partner of another New York Life office, brought pursuant to Title VII, § 1981, and the FEHA; and (5) Plaintiff's retaliation claims. *Id.*

It is well-known that "[o]n appeal from a decision to grant summary judgment, we review the record *de novo* to determine whether genuine issues of material fact exist requiring a trial." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). We may affirm the district court's

grant of summary judgment "on any ground appearing in the record." *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997).

When analyzing a claim of unlawful employment discrimination, we proceed under either the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973), or under the "mixed-motive" analysis of *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989). In this case, the district court analyzed Plaintiff's claims under the *Price Waterhouse* burden-shifting framework. *Vuong*, 2009 WL 306391, at *12.

*Price Waterhouse* provides that when a plaintiff comes forward with evidence that a discriminatory factor played a "motivating part" in an adverse employment action, the defendant can "avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision even if it had not taken" improper considerations into account. 490 U.S. at 257. "[D]irect evidence of discrimination is not required in mixed-motive cases," *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101-02 (2003)," and this Court considers "circumstantial proof

4

which, if believed, would show discrimination," *Holcomb*, 521 F.3d at 137.  Of course, Plaintiff "must provide more than conclusory allegations to resist a motion for summary judgment."  *Id.*  In this case, we affirm the grant of summary judgment because Defendant proffered legitimate, nondiscriminatory reasons for its allegedly adverse employment actions, and Plaintiff cannot show that these reasons were pretextual.  *See McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006).

Under the appropriate *McDonnell Douglas* framework, even granting that Plaintiff established a *prima facie* discrimination case, there is no issue of material fact to be tried.  First, Plaintiff has not provided evidence that calls into question Defendant's business judgment in electing to appoint co-managers to the SFGO.  *See Byrnie v. Town of Cromwell*, 243 F.3d 93, 105 (2d Cir. 2001).  Second, it is undisputed that Plaintiff intentionally failed to perform adequately in his position as co-manager for two years.  Under these circumstances, Plaintiff cannot rebut Defendant's explanations for its decisions not to make him the sole manager of the SFGO, to terminate him as co-manager

5

of the SFGO, and not to make him a manager at another New York Life office. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 38 (2d Cir. 1994).

The district court properly concluded that Plaintiff did not produce evidence that discriminatory animus played a role in the allocation of compensation between Plaintiff and his co-manager of the SFGO. *Vuong*, 2009 WL 306391, at *14. Plaintiff concedes that prior to their promotions, his co-manager earned more than he did. Plaintiff does not attribute a discriminatory motive to this pay differential, which was carried forward when he and his co-manager were promoted.

The district court dismissed Plaintiff's allegations brought pursuant to the NYCHRL, finding the NYCHRL applicable only to discriminatory conduct that occurs within the limits of New York City. *Id.* The New York Court of Appeals has stated that the "Administrative Code of the City of New York vests in the New York City Commission on Human Rights the authority and jurisdiction to eliminate and prevent discrimination within the City of New York." *Levy v. City Comm'n on Human Rights*, 85 N.Y.2d 740, 743 (1995).

6

Here, there is no evidence in the record that any discriminatory decisions related to Plaintiff's employment with Defendant were made in New York City.  Therefore, Plaintiff's NYCHRL claim must fail under existing law.  Any arguable ambiguity regarding the meaning of the so-called "impact rule" under New York law created by the *per curiam* decision of *Hoffman v. Parade Publ'ns*, 878 N.Y.S.2d 320 (1st Dep't 2009) does not affect our disposition in this case.

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

For the Court
Catherine O'Hagan Wolfe, Clerk

By: _____

7