Malerba v New York City Tr. Auth. (2022 NY Slip Op 02759)

Malerba v New York City Tr. Auth.

2022 NY Slip Op 02759

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 113520/09, 590461/12 Appeal No. 15791 Case No. 2020-04808 

[*1]Peter Malerba et al., Plaintiffs- Respondents,
v
New York City Transit Authority, et al., Defendants-Respondents, E.A. Technologies/Petrocelli, J.., LLC, Defendant-Appellant.
Ansul Incorporated, et al., Third-Party Plaintiffs,
v
Ameron Global, Inc., Doing Business as Ameron Global Product Support, Third-Party Defendant-Respondent.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Kevin Pinter of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Joshua E. McMahon of counsel), for Peter Malerba and Janet Malerba, respondents.
London Fischer LLP, New York (Brandon Rosen of counsel), for Ameron Global, Inc., respondent.

Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about November 2, 2020, which, to the extent appealed from, denied defendant E. A. Technologies/Petrocelli, J.V., LLC's (JV) motion for summary judgment dismissing the negligence claim as against it, unanimously affirmed, without costs.
Defendant JV failed to demonstrate its entitlement to judgment as a matter of law as to whether it exercised reasonable care in the performance of its duties to the New York City Transit Authority with regard to the contract to repair, service, and refill the fire extinguishing system's Halon tanks, and, if not, whether it thereby launch a force or instrument of harm that caused plaintiff's injuries (see Church v Callanan Indus., 99 NY2d 104, 111 [2002], citing Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). JV's lead technician testified that he regularly removed the chain and cap component that is meant to be permanently affixed to the tanks so that the safety caps are available for use whenever the tank is removed from the system. Multiple witnesses testified that the tanks, which were tendered to plaintiff's employer by JV in a sealed box, regularly came uncapped. There is also evidence that JV technicians were not licensed master fire suppression technicians, as required by New York City Fire Code (Administrative Code of City of NY) § 904.9.1; see Elliott v City of New York, 95 NY2d 730, 735 [2001]). JV's claim that New York City Fire Code does not apply to it is unavailing (see Center for Independence of the Disabled v Metropolitan Transp. Auth., 184 AD3d 197, 207 [1st Dept 2020]; Echevarria v New York City Tr. Auth., 45 AD3d 492 [1st Dept 2007]).
We have considered JV's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022